Paul A. Stewart (Pending Pro Hac Vice)
Paul.stewart@knobbe.com
Ali S. Razai (Pending Pro Hac Vice)
Ali.Razai@knobbe.com
Nicole R. Townes (Pending Pro Hac Vice)
Nicole.Townes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Adam B. Beckstrom (14127)
DURHAM JONES & PINEGAR, PC
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Tel: (801) 415-3000
Fax (801) 415-3500
abeckstrom@djplaw.com

Attorneys for Plaintiff
SUNDESA, LLC d/b/a
BLENDERBOTTLE COMPANY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNDESA, LLC d/b/a BLENDER BOTTLE COMPANY, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE HUT GROUP LIMITED d/b/a MYPROTEIN and THGPP LLC, <br><br> Defendants. | Case No.   2:20-cv-00803-DBP <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** <br><br> **JURY DEMANDED** <br><br> **Magistrate Judge Dustin B. Pead** |

Plaintiff Sundesa, LLC, d/b/a BlenderBottle Company ("BlenderBottle®") hereby complains of The Hut Group Limited d/b/a Myprotein and THGPP LLC (collectively, the "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United

States.  The Court has supplemental jurisdiction over the claims that arise under state statutory

and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to

the federal claims that they form part of the same case or controversy and derive from a common

nucleus of operative facts.

2.      This Court has personal jurisdiction over Defendant THGPP LLC because

THGPP LLC has a principal place of business in this judicial district.  Defendants also have a

continuous, systematic, and substantial presence within this judicial district.  For example,

Defendants have been selling and offering for sale infringing products in this judicial district,

and committing acts of infringement in this judicial district, including but not limited to, selling

infringing products to consumers and/or retailers in this district and selling into the stream of

commerce knowing such products would be sold in Utah and this district.  These acts form a

substantial part of the events or omissions giving rise to BlenderBottle®'s claims.

3.      Alternatively, this Court may exercise jurisdiction over Defendant The Hut Group

Limited pursuant to Fed. R. Civ. P. 4(k)(2) because Plaintiff's claims arise under federal law,

Defendant The Hut Group Limited would be a foreign defendant not subject to personal

jurisdiction in the courts of any state, and Defendant The Hut Group Limited has sufficient

contacts with the United States as a whole, including, but not limited to, selling products,

including the infringing products, that are distributed throughout the United States, such that this

Court's exercise of jurisdiction over The Hut Group Limited satisfies due process.

4.      Upon information and belief, venue is proper in this judicial district under 28

U.S.C. § 1391 because a substantial part of the events and omissions giving rise to

BlenderBottle®'s claims occurred in this district, Defendant THGPP LLC has a regular and

established place of business in this district, Defendant The Hut Group Limited is not a resident

of the United States, and foreign entities may be sued in any judicial district, including Utah,

under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b).

## THE PARTIES

5.     Plaintiff Sundesa, LLC doing business as the BlenderBottle Company is a limited

liability company organized and existing under the laws of the State of Utah, with its principal

place of business located at 250 South 850 East, Lehi, Utah 84043.

6.     BlenderBottle® is informed and believes, and, based thereon, alleges that

Defendant The Hut Group Limited is a United Kingdom corporation with a principal place of

business at 5th Floor, Voyager House Chicago Avenue, Manchester Airport, Manchester,

England, M90 3DQ.

7.     BlenderBottle® is informed and believes, and, based thereon, alleges that

Defendant THGPP LLC is a Delaware limited liability company with a principal place of

business at 632 North 2000 West #110, Lindon, Utah 84042.  BlenderBottle® is informed and

believes, and, based thereon, alleges that Defendant THGPP LLC is a wholly owned subsidiary

of Defendant The Hut Group Limited.

## GENERAL ALLEGATIONS

8.     BlenderBottle® revolutionized the way supplements are mixed and consumed.

Through the tireless efforts of its designers and engineers over nearly two decades,

BlenderBottle® has pioneered innovative technology and path-breaking designs to create

premium products that help simplify everyday life.  Available in more than 90 countries

worldwide and in over 60,000 retail locations, BlenderBottle®'s shakers have become the go-to

products for outdoor enthusiasts, gym goers, serious protein drinkers and more.  Products

embodying BlenderBottle®'s proprietary designs and technology have been lauded by

consumers and the media, including *Good Morning America*, *Reader's Digest*, *Self*, *the Today Show*, *Men's Fitness*, and others.

9.      BlenderBottle® protects its substantial investment in innovation and design from imitators with its intellectual property rights.

10.      On April 30, 2002, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 6,379,032 (the "'032 Patent"), titled "FLOW-THROUGH AGITATOR."  BlenderBottle® is the exclusive licensee of the '032 Patent and has been granted all rights thereunder, including the right and standing to enforce the '032 Patent.  A true and correct copy of the '032 Patent is attached hereto as **Exhibit 1.**

11.      On October 4, 2005, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Design Patent No. D510,235 (the "D235 Patent"), titled "BOTTLE."  BlenderBottle® is the exclusive licensee of the D235 Patent and has been granted all rights thereunder, including the right and standing to enforce the D235 Patent.  A true and correct copy of the D235 Patent is attached hereto as **Exhibit 2**.

12.      Defendants manufacture, use, sell, offer for sale, and/or import into the United States shakers that have infringed BlenderBottle®'s patent rights, including the '032 Patent and D235 Patent.

13.   BlenderBottle® manufactures and sells shakers bearing a distinctive trade dress in the overall design of its shaker bottle (the "Bottle Trade Dress").  An example of BlenderBottle®'s Bottle Trade Dress is depicted below.



14.   The Bottle Trade Dress includes: a tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and the brackets host a pivoting arm containing a circular spout closure element.

15.   BlenderBottle® manufactures and sells agitators bearing a distinctive trade dress in the overall design of the product (the "Agitator Trade Dress").  An example of BlenderBottle®'s Agitator Trade Dress is depicted below.



16.   The Agitator Trade Dress is a single length of metal wire formed to symmetrically define the shape of a sphere.

17.   As a result of BlenderBottle®'s widespread use and display of the Bottle Trade Dress and Agitator Trade Dress in association with its shaker bottles and agitators, (a) the public

has come to recognize and identify shakers and agitators bearing the Bottle Trade Dress and

Agitator Trade Dress as emanating from BlenderBottle®, (b) the public recognizes that shakers

and agitators bearing the Bottle Trade Dress and Agitator Trade Dress constitute high quality

products that conform to the specifications created by BlenderBottle®, and (c) the Bottle Trade

Dress and Agitator Trade Dress have established strong secondary meaning and extensive

goodwill.

18.     The Bottle Trade Dress is not functional.  The design features embodied by the

Bottle Trade Dress are not essential to the function of the product.  A container that allows one to

combine powders and liquids and that also serves as drink dispenser can have many different

forms and shapes. The Bottle Trade Dress is not in its particular shape because it works better in

that shape.  There are numerous alternative shapes and structures that allow a consumer to

combine powders and liquids and use them as a drink dispenser.  Examples of commercially

available alternatives are depicted in the table below:



| | |
|---|---|
| *"PUSHLIMITS Designed by Artoid"* product | *"Rubbermaid® SHAKER BOTTLE"* product |



19.    Further, the design features of the Bottle Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are complex.  For example, the lid shown in the Bottle Trade Dress is more expensive to manufacture than other lids.  The design features of the Bottle Trade Dress do not affect the quality of the product.  The design of the Bottle Trade Dress is not a competitive necessity.

20.    The Agitator Trade Dress is not functional.  The design features embodied by the Agitator Trade Dress are not essential to the function of the product.  The Agitator Trade Dress is not in its particular shape because it works better in that shape.  There are alternative shapes and structures that perform as well as the Agitator Trade Dress.  Alternatives to the Agitator Trade Dress can be found in numerous commercially available products.  Several examples of commercially available alternatives are depicted in the table below:



Agitator from "*TOOFEEL SHAKER 700ML*" product



Agitator from "*PUSHLIMITS Designed by Artoid*" product



Agitator from "*PUSHLIMITS Designed by Artoid*" product



Agitator from "*Rubbermaid® SHAKER BOTTLE*" product



Agitator from "*BOTTLED JOY*" product



Agitator from "*Muscle Pound*" product



Agitator from "contigo® *LEAK-PROOF SHAKER BOTTLE*"



Agitator from "*MAINSTAYS Shaker Bottle*"



Agitator from "*UTOPIA SHAKER BOTTLE*"



| Agitator from "*BluePeak Shaker Bottle*" product | Agitator from "*BluePeak Shaker Bottle*" product | Agitator from "*BluePeak Shaker Bottle*" product |

21.    The elements of the Agitator Trade Dress do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the Agitator Trade Dress is not a competitive necessity.

22.    The Bottle Trade Dress and Agitator Trade Dress are invaluable assets essential to BlenderBottle®'s success and represent the designs of its signature products.  The shape of the Agitator Trade Dress symbolizes the company itself and is part of a registered trademark used by BlenderBottle® as its corporate logo.



23.    This logo is prominently displayed on BlenderBottle®'s website, its marketing materials, and stamped on its products.

24.    Subsequent to BlenderBottle®'s use and adoption of the Bottle Trade Dress and Agitator Trade Dress, Defendants have developed, manufactured, imported, advertised, and/or sold shaker bottles and agitators that use trade dress that is confusingly similar to the Bottle Trade Dress and Agitator Trade Dress.

25.    Defendants manufacture, use, sell, offer for sale, promote, advertise and/or import into the United States the following shaker bottles which infringe BlenderBottle®'s intellectual property rights (collectively, the "Myprotein Shaker Bottles"):

| Myprotein Shaker Bottle I | Myprotein Shaker Bottle II | Myprotein Shaker Bottle III |
|---|---|---|
| | | |
| Myprotein Shaker Bottle IV | Myprotein Shaker Bottle V | Myprotein Shaker Bottle VI |
| | | |



| Myprotein Shaker Bottle VII | Myprotein Shaker Bottle VIII | Myprotein Shaker Bottle IX |
|---|---|---|



| Myprotein Shaker Bottle X | Myprotein Shaker Bottle XI |
|---|---|

26.    On February 5, 2020, BlenderBottle® sent Defendant The Hut Group Limited a cease and desist letter demanding that Defendant cease selling shaker bottles and agitators that

infringe the '032 Patent, D235 Patent (collectively the "Asserted Patents"), Bottle Trade Dress, and Agitator Trade Dress.  A true and correct copy of this letter is attached as **Exhibit 3**.

27.     On April 7, 2020, BlenderBottle® sent Defendant The Hut Group Limited an email identifying additional shaker bottle products offered for sale, sold, marketed, or promoted by Defendants that infringed at least the D235 Patent and Bottle Trade Dress.  A true and correct copy of this email is attached as **Exhibit 4**.

28.     BlenderBottle® previously contacted Defendant The Hut Group Limited in 2015 and demanded that it cease selling products that infringe the '032 patent and D235 patent, including the MyProtein Shaker I.  Defendant The Hut Group represented to BlenderBottle® that it ceased offering for sale in the U.S. the infringing products including the MyProtein Shaker I.

29.     Despite BlenderBottle®'s letters and Defendant The Hut Group Limited's representation in 2015, Defendants have continued to sell the infringing Myprotein Shaker Bottles.

30.     BlenderBottle® is informed and believes, and based thereon alleges that Defendants have intended to blatantly copy BlenderBottle®'s proprietary designs, and pass off their goods as BlenderBottle®'s high quality products to misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace.  Defendants' use of the Bottle Trade Dress and Agitator Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendants and/or their products with BlenderBottle®, when there is none.

31.     Defendants' acts complained of herein have caused BlenderBottle® to suffer irreparable injury to its business.  BlenderBottle® will continue to suffer substantial loss and

irreparable injury unless and until Defendants are enjoined from their wrongful actions complained of herein.

32.     BlenderBottle® is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

**FIRST CLAIM FOR RELIEF**
(Patent Infringement)
(35 U.S.C. § 271)

33.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-32 of this Complaint as if set forth fully herein.

34.     This is a claim for patent infringement under 35 U.S.C. § 271.

35.     Defendants, through their agents, employees and/or servants have knowingly, intentionally, and willfully infringed the '032 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of, at least, Defendants' Myprotein Shaker Bottle I and Myprotein Shaker Bottle IV.

36.     For example, the Myprotein Shaker Bottle I and Myprotein Shaker Bottle IV infringed at least Claim 15 of the '032 Patent as shown in the claim chart attached hereto as **Exhibit 5**.

37.     Defendants, through their agents, employees and/or servants have knowingly, intentionally, and willfully infringed the D235 Patent by making, using, selling, offering for sale, and/or importing products, including the Myprotein Shaker Bottles that have designs that infringed the D235 Patent.  For example, the side-by-side visual comparison of BlenderBottle®'s patented design and Defendants' Myprotein Shaker Bottles shown below establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of

Defendants' Myprotein Shaker Bottles are substantially the same as the claimed design of the D235 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other.  As a result, Defendants infringed the D235 Patent.

*U.S. Design Patent No. D510,235*



*Infringing Myprotein Shaker Bottles:*



38.     BlenderBottle® is informed and believes, and thereon alleges that Defendants knew of the '032 Patent and D235 Patent at least as early as 2015, when BlenderBottle® sent a cease and desist letter to Defendant The Hut Group Limited notifying Defendant The Hut Group Limited of the '032 Patent and D235 Patent.

39.     As a direct and proximate result of Defendants' acts of infringement, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to BlenderBottle®.

40.     Pursuant to 35 U.S.C. § 284, BlenderBottle® is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

41.     Pursuant to 35 U.S.C. § 285, BlenderBottle® is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

42.     Pursuant to 35 U.S.C. § 289, BlenderBottle® is entitled to Defendants' total profits from Defendants' infringement of the D235 Patent.

## SECOND CLAIM FOR RELIEF
(Trade Dress Infringement)
(15 .U.S.C. § 1125(a))

43.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-42 of this Complaint as if set forth fully herein.

44.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

45.     Subsequent to BlenderBottle®'s use and adoption of the Bottle Trade Dress, and the development of secondary meaning in that trade dress, Defendants have developed, manufactured, imported, advertised, and/or sold products, including the Myprotein Shaker

Bottles, that use trade dress that is confusingly similar to the Bottle Trade Dress. Examples of Defendants' infringing use of the Bottle Trade Dress is shown below:

*Bottle Trade Dress:*



*Infringing Bottles:*



46.    Subsequent to BlenderBottle®'s use and adoption of the Agitator Trade Dress, and the development of secondary meaning in that trade dress, Defendants have developed, manufactured, imported, advertised, and/or sold products with agitators, including the agitators

for the Myprotein Shaker Bottle I and Myprotein Shaker Bottle IV, that use trade dress that is confusingly similar to the Agitator Trade Dress.  An example of Defendants' infringing use of the Agitator Trade Dress is shown below:

*Agitator Trade Dress:*



*Infringing Agitators:*





Myprotein Shaker Bottle I Agitator                Myprotein Shaker Bottle IV Agitator

47.    Defendants' use of the Bottle Trade Dress and Agitator Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with BlenderBottle®.

48.    BlenderBottle® is informed and believes, and based thereon alleges, that Defendants infringed BlenderBottle®'s trade dress rights with the intent to unfairly compete with BlenderBottle®, to trade upon BlenderBottle®'s reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by BlenderBottle®, when they are not, resulting in a loss of reputation in, and mischaracterization of, BlenderBottle®'s products and its brand, damaging its marketability and saleability.

49.     Defendants' activities constitute willful and intentional infringement of BlenderBottle®'s trade dress rights in total disregard of BlenderBottle®'s proprietary rights, and were done despite Defendants' knowledge that use of the Bottle Trade Dress and Agitator Trade Dress was, and is, in direct contravention of BlenderBottle®'s rights.

50.     BlenderBottle® is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' trade dress infringement in an amount that is not presently known to BlenderBottle®.  By reason of Defendants' actions, constituting trade dress infringement, BlenderBottle® has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51.     Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendants' profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

52.     Due to Defendants' actions, constituting trade dress infringement, BlenderBottle® has suffered great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

53.     Defendants will continue to infringe BlenderBottle®'s trade dress rights to the great and irreparable injury of BlenderBottle®, unless and until Defendants are enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin, Passing Off, & Federal Unfair Competition)
### (15 .S.C. § 1125(a))

54.    BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-53 of this Complaint as if set forth fully herein.

55.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

56.    Defendants' use of the Bottle Trade Dress and Agitator Trade Dress, without BlenderBottle®'s consent, constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of their goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

57.    Defendants' use of the Bottle Trade Dress and Agitator Trade Dress, without BlenderBottle®'s consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of their products or commercial activities in violation of 15 U.S.C. § 1125(a).

58.    BlenderBottle® is informed and believes, and based thereon alleges that Defendants' acts of false designation of origin, passing off, and unfair competition have been willful and without regard to BlenderBottle®'s rights.

59.    Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendants' profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages,

and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case.  The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

60.     BlenderBottle® has been damaged by Defendants' conduct in an amount to be determined at trial.

61.     Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, BlenderBottle® has suffered and continues to suffer great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

62.     Defendants will continue their false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendants are enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Statutory Unfair Competition)
### (Utah Code Ann. § 13-5a-101 *et seq.*)

63.     BlenderBottle® hereby repeats, realleges, and incorporates by reference paragraphs 1-62 of this Complaint as though fully set forth herein.

64.     This is a claim for unfair competition, arising under Utah Code Ann. § 13-5a-101, *et seq.*

65.     Defendants' unlawful and intentional business acts, complained of herein, including acts of trade dress infringement, false designation of origin, passing off, and federal unfair competition, caused a material diminution in value of BlenderBottle®'s intellectual

property and an infringement of BlenderBottle®'s trade dress and therefore constitutes unfair competition with BlenderBottle® under Utah Code Ann. § 13-5a-101, *et seq*.

66.     Defendants, by their actions, have irreparably injured BlenderBottle®. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
(Unfair Competition)
(Utah Common Law)

67.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-66 of this Complaint as if set forth fully herein.

68.     This is a claim for unfair competition under Utah common law.

69.     Defendants have and continue to willfully and intentionally pass off their products as products of BlenderBottle®.

70.     Defendants' acts of trade dress infringement, false designation of origin, passing off, and federal unfair competition complained of herein constitute trade dress infringement and unfair competition under Utah common law.

71.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with BlenderBottle® in violation of the common law of the State of Utah.

72.     Defendants' aforementioned acts have damaged BlenderBottle® in an amount to be determined at trial.

73.      Defendants, by their actions, have irreparably injured BlenderBottle®. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, BlenderBottle® prays for judgment in its favor against Defendants for the following relief;

A.      An Order adjudging each Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B.      That each Defendant account for all gains, profits, and advantages derived through Defendants' infringement of the D235 Patent in violation of 35 U.S.C. § 271, and that each Defendant, jointly and severally, pay to BlenderBottle® all damages suffered by BlenderBottle® and/or Defendants' total profits from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

C.      That the Court find for BlenderBottle® and against each Defendant on BlenderBottle®'s claim of trade dress infringement, false designation of origin, passing off, and unfair competition under Utah Code Ann. § 13-5a-101 *et seq*. and Utah common law;

D.      That the Court issue a preliminary and permanent injunction against each Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1.      manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendants' products infringing the Bottle Trade Dress, Agitator Trade Dress, or any products that are not colorably different therefrom;

2.      using BlenderBottle®'s Bottle Trade Dress, Agitator Trade Dress, or any

other trade dress that is confusingly similar to BlenderBottle®'s Bottle Trade Dress and/or Agitator Trade Dress;

3.      falsely designating the origin of Defendants' products;

4.      passing off Defendants' products as those of BlenderBottle®;

5.      misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendants' products;

6.      unfairly competing with BlenderBottle® in any manner whatsoever; and

7.      causing a likelihood of confusion or injuries to BlenderBottle®'s business reputation.

E.      That an accounting be ordered to determine each Defendant's profits resulting from its trade dress infringement, false designation or origin, passing off, and unfair competition;

F.      That BlenderBottle® be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by BlenderBottle® as a result of each Defendant's acts of trade dress infringement, false designation of origin, passing off, and unfair competition, all profits received by each Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action.  That such award of BlenderBottle® of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

G.      An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

H.      An Order that Defendants' infringement is willful and a trebling of damages and/or exemplary or punitive damages because of each Defendant's willful conduct pursuant to 35 U.S.C. § 284 and/or Utah Code Ann. § 13-5a-103;

I.      An award to BlenderBottle® of the attorneys' fees, expenses, and costs incurred by BlenderBottle® in connection with this action pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117 and/or Utah Code Ann. § 13-5a-103;

J.      An award of pre-judgment and post-judgment interest and costs of this action

against Defendants; and,

      K.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Sundesa, LLC, d/b/a The BlenderBottle Company hereby demands a trial by jury on all issues so triable.

                                     Respectfully submitted,

                                     DURHAM JONES & PINEGAR, PC

Dated: November 10, 2020       By: /s/ Adam B. Beckstrom
                                     Adam B. Beckstrom

                                     KNOBBE, MARTENS, OLSON & BEAR, LLP

                                     Paul A. Stewart
                                     Ali S. Razai
                                     Nicole R. Townes

                                     Attorneys for Plaintiff
                                     SUNDESA, LLC d/b/a BLENDERBOTTLE COMPANY