Paul A. Stewart (*Pro Hac Vice*)
paul.stewart@knobbe.com
Ali S. Razai (*Pro Hac Vice*)
ali.razai@knobbe.com
Nicole R. Townes (*Pro Hac Vice*)
nicole.townes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Beckstrom (Bar. No. 14127)
abeckstrom@djplaw.com
DURHAM JONES & PINEGAR, PC
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Tel: (801) 415-3000
Fax (801) 415-3500

Attorneys for Plaintiff TROVE BRANDS, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>THE HUT GROUP LIMITED d/b/a MYPROTEIN and THGPP LLC,<br><br>            Defendants. | **PLAINTIFF'S CROSS-MOTION FOR CLAIM CONSTRUCTION**<br><br>Case No. 2:20-cv-00803-HCN-DAO<br><br>District Judge Howard C. Nielsen, Jr.<br>Magistrate Judge Daphne A. Oberg |

## I.     INTRODUCTION

This case relates to Defendants The Hut Group Limited d/b/a MyProtein and THGPP LLC's (collectively, "MyProtein") infringement of Plaintiff Trove Brands, LLC d/b/a BlenderBottle's ("BlenderBottle") U.S. Patent No. 6,379,032 and U.S. Design Patent No. D510,235.[1]  Neither BlenderBottle nor MyProtein have proposed for construction any terms from

---

[1] BlenderBottle has also asserted claims for trade dress infringement, false designation of origin, and unfair competition against MyProtein.

BlenderBottle's utility patent U.S. Patent No. 6,379,032.  However, MyProtein has requested claim construction for BlenderBottle's U.S. Design Patent No. D510,235 ("D235 Patent").

However, the D235 Patent does not require any construction.  Courts routinely construe design patents simply as the "ornamental design as shown."  Unlike utility patents, design patents "typically are claimed as shown in drawings," and "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design."  *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 679 (Fed. Cir. 2008) (citations omitted).

## II.     MyProtein's Request for Claim Construction Relating to Functionality of Certain Features is Improper.

MyProtein seeks claim construction relating to the functionality of certain features of the claimed design in the D235 Patent.  However, determining whether a feature of a claimed design is functional requires evaluating several factors: (1) whether the protected design represents the best design; (2) whether alternative designs would adversely affect the utility of the specified article; (3) whether there are any concomitant utility patents; (4) whether the advertising touts particular features of the design as having specific utility; and (5) whether there are any elements in the design or an overall appearance clearly not dictated by function.  *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).  Accordingly, these issues should not be determined by the court on claim construction.  *See Vertical Tank, Inc. v. BakerCorp*, No. 1:18-CV-00145-LJO-JLT, 2019 WL 2207668, at *19 (E.D. Cal. May 22, 2019) (deferring determination regarding functionality until summary judgment or trial, if necessary); *see also Five Star Mfg., Inc. v. Ramp Lite Mfg., Inc.*, 44 F. Supp. 2d 1149, 1156 (D. Kan. 1999) (deferring a determination regarding functionality until trial, if necessary); *Depaoli v. Daisy Mfg. Co.*, No.

07ocv–11778–DPW, 2009 WL 2145721, at *5 (D. Mass. July 14, 2009) (holding that claim scope issues related to prosecution history or functionality will be addressed during summary judgment or as part of the jury instructions at trial.)

Moreover, MyProtein misunderstands the law regarding functionality in design patents and cannot establish that the features of BlenderBottle's claimed design are functional and outside the scope of design patent protection. MyProtein proposes that the Court construe various features of the claimed design as functional simply because they serve certain utilitarian functions. For example, MyProtein alleges "[t]he hinged cap in figure 1 of the D235 Patent is functional and serves to form a sealable opening on the top of the bottle." However, the fact that a feature serves a utilitarian purpose is not dispositive as to whether the feature is functional and thus falls outside the scope of design patent protection. Instead, "the design of a useful article is deemed to be functional when the appearance of the claimed design is dictated by the use or purpose of the article." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) (internal quotation marks and citation omitted). The dispositive question is, thus, whether the design is the only possible design given its function. *PHG Technologies, LLC v. St. John Companies, Inc.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006). There are, however, infinite design options for a beverage container, and MyProtein cannot establish that the features it alleges are functional are the only possible design given their function.

As shown in the attached **Exhibit A**, there are numerous ways to achieve the same functions as the features MyProtein alleges are functional. For example, the SNAC Shaker, Rubbermaid Shaker, and Contigo Shaker products shown in **Exhibit A** have a sealable opening on the top of the bottle different than the design shown in the D235 patent. The PushLimits and Bluepeak products have gripping mechanisms that have a different layout than the design of the

gripping mechanism shown in the D235 patent. The SNAC Shaker product has a different shaped top that directs fluid and provides additional capacity. The Ice Shaker product has volumetric markings displayed in a different design and layout than the volumetric markings shown in the D235 Patent. The SNAC Shaker, Rubbermaid Shaker, and Contigo Shaker products have closure mechanisms that are designed differently than the closure mechanism shown in the D235 Patent. Accordingly, there are numerous alternative designs to the features of the D235 Patent that MyProtein claims are functional, and thus, MyProtein's proposed claim construction is inappropriate.

Design patents protect the overall ornamentation of a design, not an aggregation of separable elements. *Sport Dimension*, 820 F.3d at 1322. By eliminating structural elements from the claim as MyProtein proposes in its claim construction, a court runs the risk of converting the claim scope of the design patent from one that covers the overall ornamentation to one that covers individual elements. *Id.* Even if a design patent has functional elements, those elements are not necessarily excluded from the infringement analysis. The functional elements may have protectable ornamentation. *Sport Dimension*, 820 F.3d at 1321. In *Sport Dimension*, the Court held that certain features could not be eliminated in claim construction, but instead that the "fact finder should …. focus on what these elements contribute to the design's overall ornamentation." *Id.* at 1323. MyProtein's proposed constructions will cause the jury to entirely exclude certain elements of BlenderBottle's claimed design from the infringement analysis, and thus, its proposed construction is not proper.

Here, the proper construction should simply be the ornamental design specified in the D235 Patent. *See Egyptian Goddess, Inc.,* 543 F.3d at 679. Claim construction for "a design is better represented by an illustration 'than it could be by any description.'" *3Form, Inc. v. Lumicor, Inc.*,

No. 2:12-CV-00293-CW, 2015 WL 9463092, at *15 (D. Utah Dec. 28, 2015), *aff'd*, 678 F. App'x 1002 (Fed. Cir. 2017)  (The court construed "the patent claims as an architectural panel with thatch reed design as shown below in figures 1-7 of the '068 design patent.") (quoting *Egyptian Goddess*, 543 F.3d at 679).  The U.S.P.T.O.'s Manual of Patent Examining Procedure similarly confirms this, stating that "[n]o description of the design in the specification beyond a brief description of the drawing is generally necessary, since as a rule the illustration in the drawing views is its own best description." M.P.E.P. § 1503.01 (emphasis added).  Accordingly, the Court should construe the patent claims as "[t]he ornamental design for a bottle as shown and described in the image."

### III.   CONCLUSION

For the foregoing reasons, the Court should not adopt MyProtein's proposed constructions for the D235 Patent, and instead should adopt BlenderBottle's proposed construction of "[t]he ornamental design for a bottle as shown and described in the image."

                                                        Respectfully submitted,

                                                        KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 12, 2021                By: */s/ Nicole R. Townes*
                                                     Paul A. Stewart
                                                     Ali S. Razai
                                                     Nicole R. Townes

                                                      DURHAM JONES & PINEGAR, PC
                                                     Adam B. Beckstrom

                                                     Attorneys for Plaintiff
                                                     TROVE BRANDS, LLC

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, a true and correct copy of the foregoing **PLAINTIFF'S CROSS-MOTION FOR CLAIM CONSTRUCTION** was electronically filed with the Clerk of Court and served on the following using the Court's electronic filing system:

Tracy H. Fowler
tfowler@swlaw.com
**SNELL & WILMER LLP**
15 W South Temple, Suite 1200
Salt Lake City, UT  84101
Telephone:  (801) 257-1900

Michael Jay
michael.jay@dlapiper.com
Carolina Veltri
carolina.veltri@dlapiper.com
**DLA PIPER LLP**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067

Attorneys for Defendants THE HUT GROUP LIMITED, LLC and THGPP LLC

/s/ *Nicole R. Townes*

54553472