Tracy H. Fowler (1106)
**SNELL & WILMER LLP**
Gateway Tower West
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1547
P: 801.257.1900
F: 801.257.1800
tfowler@swlaw.com

Michael Jay *(Pro Hac Vice)*
Carolina Veltri *(Pro Hac Vice)*
**DLA PIPER LLP**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
michael.jay@us.dlapiper.com
carolina.veltri@dlapiper.com

*Attorneys for Defendants The Hut Group Limited d/b/a MyProtein and THGPP LLC*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| TROVE BRANDS, LLC, d/b/a BLENDER BOTTLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE HUT GROUP LIMITED d/b/a MYPROTEIN and THGPP LLC,<br><br>Defendants. | **DEFENDANTS THE HUT GROUP LIMITED d/b/a MY PROTEIN'S AND THGPP LLC'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>Case No. 2:20-cv-00803-HCN-DAO<br><br>District Judge Howard C. Nielsen, Jr.<br>Magistrate Judge Daphne A. Oberg |

## I. INTRODUCTION

Plaintiff Trove Brands d/b/a BlenderBottle Company ("BlenderBottle") asserts against Defendants The Hut Group Limited d/b/a MyProtein and THGPP LLC (collectively, "Hut Group") a design patent—U.S. Design Patent No. D510,235 (the "D235 Patent")[1]—that claims nothing more than a generic cylindrical bottle containing a number of purely functional elements. BlenderBottle miraculously contends that not a single one of the claimed elements of the D235 Patent are functional, but both common sense and the prior art dictate otherwise. Accordingly, The Hut Group respectfully requests that the Court find that each of the disputed claim terms is functional.

## II. BACKGROUND

### a. The D235 Patent

The D235 Patent, titled "Bottle," issued on October 4, 2005, and claims priority to an application filed about two years prior, on September 9, 2003. D235 Patent. BlenderBottle asserts against the Hut Group the sole claim of the D235 Patent: "the ornamental design for a bottle, as shown and described." *Id.* This claim is described by seven drawings, shown below along with the parties' proposed constructions:

---

[1] Neither BlenderBottle nor Hut Group have proposed for construction any terms from U.S. Patent No. 6,379,032, the infringement of which is also at issue in this litigation.

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 1 | Fig. 1 | The ornamental design for a bottle as shown and described in the image. | The hinged cap in figure 1 of the D235 Patent is functional and serves to form a sealable opening on the top of the bottle. |
| 2 | Fig. 2 | The ornamental design for a bottle as shown and described in the image. | The ribbed grip pictured in figure 2 of the D235 Patent is functional and serves to allow the user of the shaker bottle to maintain a better grip on the bottle when shaking the bottle or when drinking from the bottle. |

| | | | |
|---|---|---|---|
| 3 |  Fig. 3 Fig. 5 | The ornamental design for a bottle as shown and described in the image. | The dome-like top of the bottle is functional and serves no fewer than two functions: (1) to produce a fluid flow pattern that directs fluid back towards the center of the bottle and (2) to provide additional capacity for the bottle. |

| | | | |
|---|---|---|---|
| 4 | 600 20<br>500 16<br>400 12<br>300 8<br>200 4<br>100 ml oz<br>Fig. 4 | The ornamental design for a bottle as shown and described in the image. | The volumetric markings and translucent window into the bottle are functional and serve to approximate the volume of the contents of the bottle. |
| 5 | Fig. 6 | The ornamental design for a bottle as shown and described in the image. | The closure mechanism is functional and serves no fewer than three functions: (1) as a removable, seal-tight closure for the bottle, (2) as an auxiliary feed mouth and dispensing spout, and (3) a smaller opening to keep any agitator elements contained in the bottle. |
| 6 | Fig. 7 | The ornamental design for a bottle as shown and described in the image. | The protrusions on the bottom of the bottle pictured in figure 7 of the D235 Patent are functional and serve to provide better grip to the surface on which the bottle is placed. |

**b. Accused and Practicing Products**

The accused Hut Group shaker bottle products and the allegedly embodying BlenderBottle products are shaker bottles that can serve as both mixing vessels and drinking vessels. Users can shake bottles containing drink mix(es) and liquid to combine them and then drink the resulting mixture from the bottle.

BlenderBottle contends its Classic Shaker Bottle shown below embodies the D235 Patent:




ECF No. 26 at 5.

BlenderBottle accuses the following Hut Group products of infringing the D235 Patent:




*Id*. at 15.

## III. LEGAL STANDARDS FOR CLAIM CONSTRUCTION

"A design patent only protects the novel, ornamental features of the patented design," not the functional elements. *OddzOn Prods, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "Unlike an invention in a utility patent, a patented ornamental design has no use other than its visual appearance" and "its scope is 'limited to what is shown in the application drawings.'" *In re Harvey*, 12 F.3d 1061, 1064 (Fed. Cir. 1993) (quoting *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988). Accordingly, "[d]esign patents have almost no scope." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988).

The Federal Circuit instructs: "a district court properly construes design claims through its own eyes and need not refer to an ordinary observer or a skilled artisan." *Minka Lighting, Inc. v. Craftman Intern., Inc.*, 93 Fed. Appx. 214, 216 (Fed. Cir. 2004) (abrogated on other grounds by *Egyptian Goddess, Inc. v. Swisa, Inc.*). To do so, courts first identify the functional elements of the claimed design and then adopt a verbal construction that identifies the ornamental aspects of the claimed design, if any. *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342-44 (Fed. Cir. 2020) (finding "the district court followed our claim construction directives to a tee" because "in an effort to clarify the scope of the protected subject matter, the court identified the functional features of the [patented pencil] design"). In construing the claims of design patents, district courts should first consider the drawings in the specification. *Id*. at 1342. Next, district courts should consider the "various features of the claimed design as they relate to the accused design and the prior art. *Id*. at 1342. Other factors courts consider to determine whether a particular feature is functional or ornamental include "whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any

concomitant utility patents; whether the advertising touts particular features of the designs as having specific utility; and whether there are any elements in the design or overall appearance clearly not dictated by function." *Sport Dimension, Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).

## IV. ALL CLAIMED FEATURES OF THE D235 PATENT ARE FUNCTIONAL.

### a. The Hinged Cap Is Functional, Not Ornamental.

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 1 | Fig. 1 | The ornamental design for a bottle as shown and described in the image. | The hinged cap in figure 1 of the D235 Patent is functional and serves to form a sealable opening on the top of the bottle. |

Common sense dictates that the hinged cap at the top of the claimed bottle in Figure 1 is entirely functional—serving to form a sealable dual opening on the top of the bottle that keeps the contents of the bottle inside the bottle. This function is particularly obvious in light of the Hut Group products that BlenderBottle accuses and BlenderBottle's own products that it claims embody the D235 Patent. In each of those accused and allegedly embodying shaker bottle

products, the hinged cap functions in exactly the manner described above. Any alternative design would significantly decrease the utility of these shaker bottles.

The functionality of the hinged cap is also confirmed by the prior art *utility patents*, which in some instances predate the D235 Patent by many decades. For example, U.S. Patent No. 3,820,692 ("Swett"), which issued on June 28, 1974, discloses the following hinged cap:




Swett, figure 1. In describing this hinged cap, Swett described the functionality of the cap: "The seal for the spout or neck 20 as shown in FIG. 1 cooperates with the flared peripheral spout 13 and is comprised of a conventional cap-like member 15 suitably removably attached to closure top wall 19, as by hinge pivots 23." *Id*. at 2:31-36.

Similarly, another utility patent, U.S. Patent No. 5,499,736 ("Kohl"), which issued on March 19, 1996, discloses: a "new and improved cap member 10 includes means for forming a releasable cover seal for the pouring orifice 54. As depicted in the drawings the pouring orifice is defined by a raised projecting latchlip 52 extending upwardly within the central recess 38. Latch lip 52 includes a latch shoulder 66 defined along the inwardly-facing side thereof. The free end

48 on strap 22 is provided with cooperating snaplock orifice sealing structures 72 and 74 extending from an underside surface 70 of strap 22." Kohl, 5:48-57.







*Id*. at figures 1, 4, 5.

The same is also true of U.S. Patent No. 2,754,866 ("Coltman"), which issued on July 17, 1956. Coltman expressly discloses a hinged cap just like that of the D235 Patent:




Coltman, figure 3. Coltman explains that "in normal use of the container 10 it is found desirable to merely pivot the cap 22 about the hinge 16, thus exposing the aperture in the cover 12 for easy removal of the container's contents." *Id*. at 2:52-59.

Accordingly, the hinged cap of the bottle is functional, and it should thus be excluded from the claim scope. *In re Harvey*, 12 F.3d at 1064.

**b. The Ribbed Grip Is Functional, Not Ornamental.**

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 2 | Fig. 2 | The ornamental design for a bottle as shown and described in the image. | The ribbed grip pictured in figure 2 of the D235 Patent is functional and serves to allow the user of the shaker bottle to maintain a better grip on the bottle when shaking the bottle or when drinking from the bottle. |

The ribbed grip pictured in figure 2 of the D235 Patent is unquestionably functional, allowing the user of the shaker bottle to maintain a better grip on the bottle when shaking the bottle and when drinking from the bottle. That function is particularly apparent when considered in light of the accused and practicing products, all of which are protein shaker bottles. Any alternative design—without the side grip—would materially alter the utility of the shaker bottles. Because this feature is functional, it should be excluded from the claim scope. *In re Harvey*, 12 F.3d at 1064.

### c. The Dome-Like Top of the Bottle Is Functional, Not Ornamental.

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 3 | Fig. 3<br>Fig. 5 | The ornamental design for a bottle as shown and described in the image. | The dome-like top of the bottle is functional and serves no fewer than two functions: (1) to produce a fluid flow pattern that directs fluid back towards the center of the bottle and (2) to provide additional capacity for the bottle. |

The dome-like top of the bottle featured in figures 1-5 of the D235 Patent is functional and serves no fewer than two functions: (1) to produce a fluid flow pattern that directs fluid back towards the center of the bottle; and (2) to provide additional capacity for the bottle— if the bottle is used to mix its contents by shaking, a flat top would not allow a user adequate space to mix the

contents if the bottle was filled to the top. As with the other elements discussed above, the functionality of the dome-like top is particularly apparent in light of the accused and allegedly embodying products that BlenderBottle has identified. These functions are critical for protein shaker bottles, and any alteration of the dome-like top would materially affect the utility of the bottles.

The dome-like top of the D235 Patent, and its function, has long been known in the prior art. For example, Swett discloses the following images of a dome-like top to a bottle:




Swett, figures 2, 5. As to these two figures, Swett expressly explains that the dome-like top is indeed functional: "[t] The closure member side wall 18 is smoothly curved inwardly in its progression toward top wall 19 to generate the dome-like configuration mentioned above. This feature is accentuated by the fact that the container or vessel 10 is specially shaped and these

together produce a fluid flow pattern that directs fluid in the vicinity of the assembly side walls back toward the center thereof. This likewise creates a maximum of agitation as the fluid passes over the differently shaped areas of blending element 14." *Id*. at 2:36-50. Swett further explains: "the integral vessel bottom wall 31 includes a center positioned internally projecting hemispherical portion 32. This portion acts to direct fluids in the central area of the vessel outwardly towards the side walls 30. Such is, of course, contrary to the flow pattern spoken of above that is generated by the closure member 12. Accordingly, as the assembly is shaken in use, an approximate fluid flow pattern is created as is shown in FIG. 5 by arrows 22. This assures a maximum mixing in that with such a basic pattern virtually all of the contained fluid will be subjected to various eddy flow patterns as it passes over the differing areas of the blending element 14." *Id*. at 2:66-3:15.

Swett also discloses another image of the dome-like top:




Swett, figure 3. As to this image, Swett also explains the functionality of the top: "[t]he closure member 12 for vessel 10 and as seen in FIGS. 1-3, 5 and 7 has a four-fold function: namely as a removable, seal-tight closure for vessel or tumbler 10, secondly, as a <u>capacity booster</u> therefor;

thirdly as an auxiliary feed mouth and dispensing spout for the vessel when the closure member 12 is in seal-tight engagement therewith; and fourthly to retain the blending element 14 in a substantially fixed position in the assembly." *Id*. at 1:64-2:7 (emphasis added).

There is no reasonable argument that this dome-like top is anything but functional. It thus should be excluded from the claim scope.

**d. The Volumetric Markings and Translucent Window into the Bottle Are Functional, Not Ornamental.**

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 4 | 600 20 500 16 400 12 300 8 200 100 ml 4 oz<br>Fig. 4 | The ornamental design for a bottle as shown and described in the image. | The volumetric markings and translucent window into the bottle are functional and serve to approximate the volume of the contents of the bottle. |

It is self-evident that the volumetric markings on the side of a bottle are functional and serve to approximate the volume of the contents of the bottle. Likewise, any transparency in the bottle is functional and also serves to assist in approximating the volume of the contents of the bottle. These functions are obvious from both the D235 Patent itself, as well as the Hut Group's

and BlenderBottle's shaker bottle products. Any alteration of the volumetric markings on the side of the bottle of the transparency of the bottle would materially decrease the utility of the bottles. Accordingly, these features should be excluded from the claim scope. *In re Harvey*, 12 F.3d at 1064.

**e. The Closure Mechanism Is Functional, Not Ornamental.**

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 5 | Fig. 6 | The ornamental design for a bottle as shown and described in the image. | The closure mechanism is functional and serves no fewer than three functions: (1) as a removable, seal-tight closure for the bottle, (2) as an auxiliary feed mouth and dispensing spout, and (3) a smaller opening to keep any agitator elements contained in the bottle. |

The closure mechanism is functional and serves no fewer than three functions: (1) as a removable but attached (so it does not get lost), seal-tight closure for the bottle, (2) as an auxiliary feed mouth and dispensing spout, and (3) a smaller opening to keep any agitator elements contained in the bottle. All of these functions make it so that a user of the bottle can more efficiently and effectively consume the contents of the bottle, which is the precise purpose of the accused Hut Group shaker bottle products and the allegedly embodying BlenderBottle products. If the closure mechanism were altered, it would substantially decrease the utility of the bottles.

This feature and its functions were well known in the prior art. For example, Swett discloses this very same closure mechanism:




Swett, figure 3. As to this image, Swett also explains the functionality of the closure mechanism: "[t]he closure member 12 for vessel 10 and as seen in FIGS. 1-3, 5 and 7 has a four-fold function: namely as a removable, seal-tight closure for vessel or tumbler 10, secondly, as a capacity booster therefor; thirdly as an auxiliary feed mouth and dispensing spout for the vessel when the closure member 12 is in seal-tight engagement therewith; and fourthly to retain the blending element 14 in a substantially fixed position in the assembly." *Id*. at 1:64-2:7 (emphasis added).

Coltman discloses the same closure mechanism as well:



Coltman, figure 3. Coltman also explains the same function as Swett: "As shown more clearly in Fig. 3, the cylindrical member 28 may be a flexible U-shaped rod extending from the cap 22 to engage in hinge 16. Thus the cap 22 is readily detachable from the cover 12, when desired and is easily attachable in manufacture. However, in normal use of the container 10 it is found desirable to merely pivot the cap 22 about the hinge 16, thus exposing the aperture in the cover 12 for easy removal of the container's contents." *Id*. at 2:52-59.

It strains credulity for BlenderBottle to argue that this closure mechanism is anything but functional. As such, this feature should be excluded from the claim scope. *In re Harvey*, 12 F.3d at 1064.

**f. The Protrusions on the Bottom of the Bottle Are Functional, Not Ornamental.**

| No. | Claim Term | BlenderBottle's Proposed Construction | The Hut Group's Proposed Construction/Function |
|---|---|---|---|
| 6 | Fig. 7 | The ornamental design for a bottle as shown and described in the image. | The protrusions on the bottom of the bottle pictured in figure 7 of the D235 Patent are functional and serve to provide better grip to the surface on which the bottle is placed. |

To the extent Plaintiff contends that the protrusions on the bottom of the bottle pictured in figure 7 of the D235 Patent is a design feature of the D235 Patent, that feature is functional—it provides better grip to the surface on which the bottle is placed. Any alternative design would

reduce the utility of the bottle. Because this feature is functional, it should be excluded from the claim scope. *In re Harvey*, 12 F.3d at 1064.

## V. CONCLUSION

For the reasons discussed above, Defendants The Hut Group Limited d/b/a MyProtein and THGPP LLC request that the Court adopt their proposed constructions of the disputed terms.

DATED: November 12, 2021

*/s/ Tracy H. Fowler*
DLA PIPER LLP
Michael Jay *(Pro Hac Vice)*
Carolina Veltri *(Pro Hac Vice)*

SNELL & WILMER L.L.P.
Tracy H. Fowler

*Attorneys for Defendant The Hut Group d/b/a MyProtein and THGPP LLC*