UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TROVE BRANDS, LLC, d/b/a BLENDERBOTTLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE HUT GROUP LIMITED d/b/a MYPROTEIN and THGPP LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS (DOC. NO. 52)**<br><br>Case No. 2:20-cv-00803<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Trove Brands, LLC d/b/a BlenderBottle Company ("BlenderBottle") moves to compel Defendants The Hut Group Limited d/b/a MyProtein and THGPP LLC (collectively, "MyProtein") to make two witnesses available for depositions: (1) MyProtein's Head of Direct Buying, Andrew Flint, and (2) MyProtein's Chief Operating Officer, Neil Mistry. ("Mot.," Doc. No. 52.) MyProtein opposes the motion. ("Opp'n," Doc. No. 56.) For the reasons explained below, the court grants the motion and orders MyProtein to make these witnesses available for depositions.[5] Because an extension of the fact discovery period is necessary to accommodate the depositions, the parties are ordered to meet and confer regarding an amended scheduling order and scheduling of the depositions. The parties shall file joint or separate proposals for an amended scheduling order within seven days.

---

[5] This ruling is based on the parties' written memoranda. *See* DUCivR 7-1(g); DUCivR 37-1(b)(5)(B).

1

## BACKGROUND

This is a patent infringement action. Under the original scheduling order, the deadline for fact discovery was November 5, 2021. (Doc. No. 25.) On September 29, 2021, BlenderBottle served notices of the depositions of Mr. Flint and Mr. Mistry on MyProtein, scheduling the depositions for October 27 and 28. (Exs. 1–2 to Mot., Doc. No. 52-1 at 1–8.) On October 14, MyProtein responded by email, stating it would make these witnesses available for depositions but suggesting all depositions be postponed until after claim construction.[6] (*See* Ex. 4 to Mot., Doc. No. 52-1 at 11–13.) BlenderBottle agreed to this proposal, and the parties filed a stipulated motion to extend fact discovery until three weeks after claim construction. (*See* Doc. No. 38.) This motion was granted. (*See* Doc. No. 39.)

The court held a claim construction hearing on May 17, 2022, and issued its ruling on the record at the hearing. (*See* Doc. No. 51.) Based on the timing of the ruling, the deadline for fact discovery fell on June 7, 2022. On May 25, BlenderBottle's counsel contacted MyProtein's counsel to schedule a phone call regarding mediation. (Ex. 5 to Mot., Doc. No. 52-1 at 14–15.) During the ensuing phone call on June 2, BlenderBottle's counsel asked about Mr. Flint's and Mr. Mistry's availability for depositions and proposed extending fact discovery to accommodate their schedules. (*See* Ex. 7 to Mot., Doc. No. 52-1 at 19–20.) MyProtein declined to extend fact discovery, and it did not produce the witnesses before the June 7 deadline. (*See id.*;

---

[6] MyProtein indicated it would make each witness available for a deposition only once, suggesting the individual depositions should be combined with a Rule 30(b)(6) deposition of MyProtein, if BlenderBottle planned to take one. But BlenderBottle has not issued notice of any Rule 30(b)(6) deposition.

2

Opp'n 1–2, Doc. No. 56.) BlenderBottle then filed the instant motion to compel the depositions. (Doc. No. 52.)

## ANALYSIS

BlenderBottle argues it attempted in good faith to secure dates for the depositions of Mr. Flint and Mr. Mistry based on MyProtein's agreement to make these witnesses available after the claim construction ruling. BlenderBottle asks the court to compel MyProtein to make these witnesses available, citing Rule 45 of the Federal Rules of Civil Procedure.

In opposition, MyProtein argues it should not be required to produce these witnesses because BlenderBottle was not diligent in pursuing the depositions before the close of fact discovery. MyProtein notes that although the parties knew in early April that the claim construction hearing was set for May 17, BlenderBottle waited until two weeks after the hearing (and six days before the fact discovery deadline) to request dates for the depositions. MyProtein also alleges BlenderBottle failed to conduct other discovery during the fact discovery period and failed to adequately respond to MyProtein's discovery requests.

Rule 45 of the Federal Rules of Civil Procedure permits courts to enforce deposition subpoenas. Here, no subpoenas were issued because, upon receiving the deposition notices, MyProtein initially agreed to make the witnesses available after claim construction. Consequently, Rule 45 does not directly apply. Instead, the issue is whether MyProtein should be required to make the witnesses available based on its earlier agreement, given the timing of BlenderBottle's subsequent request to schedule the depositions.

The court has "broad discretion to manage discovery." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 104 (10th Cir. 2012) (unpublished). The court is also "vested with broad discretion in deciding whether to enforce [the] parties['] stipulation" made during the course of litigation. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1188 (10th Cir. 2018) (alterations in original); *see also RCHFU, Inc. v. VMarriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2019 U.S. Dist. LEXIS 82848, at *17 (D. Colo. May 16, 2019) (unpublished) (finding enforcement of a discovery agreement was within a magistrate judge's discretion). Because the fact discovery deadline has now passed, the court must also consider whether good cause exists to extend the fact discovery deadline to accommodate the depositions. *See* Fed. R. Civ. P. 16(b)(4) (providing a scheduling order may be modified for "good cause"). The decision to modify a scheduling order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

The record shows MyProtein agreed in writing to make Mr. Flint and Mr. Mistry available for depositions upon receiving the deposition notices. And it is undisputed the parties stipulated to postpone these depositions until after claim construction, at MyProtein's request. Accordingly, MyProtein cannot complain that BlenderBottle waited until after the claim construction ruling to schedule the depositions. MyProtein's suggestion that BlenderBottle should have pursued scheduling in April when the claim construction hearing was set is unreasonable because the parties could not have known whether the court would rule on the record at the hearing. In other words, until the court issued its ruling on May 17, BlenderBottle could not have known when the three-week window for depositions would begin.

BlenderBottle was reasonably diligent in pursuing the depositions after the claim construction ruling. BlenderBottle attempted to schedule the depositions two weeks after the ruling and six days before the close of fact discovery. While it would have been better to pursue scheduling immediately after the ruling, this two-week delay does not relieve MyProtein of its obligation to produce the witnesses as agreed. The parties' stipulation left a very short window in which to conduct depositions, and BlenderBottle tried to schedule the depositions before this window closed. BlenderBottle also reasonably offered to extend the fact discovery deadline to accommodate the witnesses' schedules. Indeed, given the short discovery window, such an extension may have been necessary even if BlenderBottle had attempted to schedule the depositions immediately after the ruling.

Under these circumstances, MyProtein is bound by its agreement to produce the witnesses for depositions following the claim construction ruling. And good cause exists to extend the fact discovery period for the length of time necessary to conduct these depositions.

MyProtein's allegation that BlenderBottle failed to diligently conduct or respond to other discovery is not considered or addressed. Because MyProtein has not filed a motion challenging the adequacy of BlenderBottle's discovery responses, the issue is not properly before the court. And whether BlenderBottle pursued any discovery other than these two depositions is irrelevant to the issues which are properly before the court.

BlenderBottle's request for attorney fees is denied. Although MyProtein did not prevail, its position was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

## CONCLUSION

BlenderBottle's motion, (Doc. No. 52), is granted. MyProtein is ordered to make Andrew Flint and Neil Mistry available for depositions. The parties are ordered to meet and confer regarding an amended scheduling order and scheduling of the depositions. The parties shall file joint or separate proposals for an amended scheduling order within seven days.

DATED this 16th day of June, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge