UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TROVE BRANDS, LLC, d/b/a BLENDERBOTTLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE HUT GROUP LIMITED d/b/a MYPROTEIN and THGPP LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SHORT FORM DISCOVERY MOTION TO STRIKE UNTIMELY PRODUCTION, OR, IN THE ALTERNATIVE, TO PERMIT DISCOVERY (DOC. NO. 59)**<br><br>Case No. 2:20-cv-00803<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

On June 7, 2022, the last day of fact discovery, Plaintiff Trove Brands, LLC d/b/a BlenderBottle Company ("BlenderBottle") produced more than 4,300 pages of documents responsive to discovery requests served approximately a year earlier by Defendants The Hut Group Limited d/b/a MyProtein and THGPP LLC (collectively, "MyProtein").[5] My Protein moves to strike BlenderBottle's June 7 production as untimely and to preclude BlenderBottle from relying on the documents in this litigation. (Mot., Doc. No. 59.) In the alternative, MyProtein seeks to reopen fact discovery to allow MyProtein to conduct depositions and inquire about the completeness of BlenderBottle's document production. (*Id.*) BlenderBottle opposes the motion, arguing the production was timely because it was within the discovery period, and that MyProtein was not prejudiced by it. (Opp'n, Doc. No. 68.)

---

[5] MyProtein does not state when its discovery requests were served, but BlenderBottle served its original responses to the discovery requests on June 30, 2021. (*See* Ex. 3 to Mot., Doc. No. 59-3.) Blenderbottle conceded at the hearing on this motion that the documents produced on June 7, 2022 are responsive to MyProtein's discovery requests.

The court held a hearing on the motion on July 5, 2022. (*See* Doc. No. 72.) As explained at the hearing, MyProtein's motion is granted in part and denied in part. Although the production was untimely, any prejudice can be cured by permitting MyProtein to conduct a limited 30(b)(6) deposition of BlenderBottle regarding the documents produced on June 7. Accordingly, fact discovery is reopened for this limited purpose.

## LEGAL STANDARDS

Rule 26(e) of the Federal Rules of Civil Procedure requires a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure is substantially justified or harmless, the court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides a scheduling order "may be modified only for good cause and with the judge's consent." Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

2

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4–6 (D. Utah June 9, 2021) (unpublished) (applying these factors to a motion to reopen discovery).

## ANALYSIS

As an initial matter, BlenderBottle's June 7 production was untimely. Although the documents were produced within the fact discovery period, BlenderBottle does not dispute the documents were in its possession or available to it at the time of its original discovery response nearly a year earlier. A year-long delay in supplementing discovery responses is not timely under Rule 26(e).

However, considering the *Woodworker's Supply* factors, the late production is harmless. The vast majority of the documents produced on June 7 are pages from the parties' respective websites, which are publicly available. Any prejudice or surprise resulting from late production of these public webpages is minimal. The remaining documents are settlement agreements and cease-and-desist letters relating to third parties who have allegedly infringed on BlenderBottle's intellectual property rights. MyProtein does not explain the significance of these documents or why it is prejudiced by their late production. Presumably, the timing of the production prevented MyProtein from conducting follow-up discovery. But this prejudice can be cured by permitting MyProtein to conduct a limited 30(b)(6) deposition of BlenderBottle on the topic of these documents. This would not disrupt the trial in this case as no trial has been set. And there is no evidence of bad faith or willfulness by BlenderBottle. In sum, because any prejudice can be cured by permitting MyProtein to conduct additional discovery on the late-produced documents, exclusion is not warranted.

The factors set forth in *Smith* also support reopening discovery to permit a limited a 30(b)(6) deposition. Trial is not imminent, and although the request is opposed, any prejudice to BlenderBottle is minimal where the court has already ordered an extension of fact discovery for the purpose of permitting BlenderBottle to depose two MyProtein employees. (*See* Mem. Decision and Order Granting Pl.'s Mot. to Compel Deps., Doc. No. 58.) Although MyProtein elected not to conduct a 30(b)(6) deposition during the fact discovery period, it could not have known BlenderBottle would make a voluminous production of documents on the last day of discovery. Thus, MyProtein could not have foreseen the need to depose BlenderBottle on the topic of these documents. Finally, a limited 30(b)(6) deposition regarding BlenderBottle's production is likely to lead to relevant evidence and is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). On balance, the *Smith* factors weigh in favor of reopening discovery for this limited purpose.

MyProtein has not demonstrated broader discovery into the completeness of BlenderBottle's document production is warranted, however. "Discovery on discovery" is permitted only "where there is reasonable doubt about the sufficiency of a party's response." *Dalton v. Town of Silver City*, No. 17-1143, 2021 U.S. Dist. LEXIS 181328, at *14 (D.N.M. Sept. 22, 2021) (unpublished). This requires an adequate factual basis, not mere speculation. *See Gross v. Chapman*, No. 19 C 2743, 2020 U.S. Dist. LEXIS 133008, at *6 (N.D. Ill. July 28, 2020) (unpublished). Although the documents produced on June 7 should have been produced earlier, there has been no showing that BlenderBottle's discovery responses are otherwise incomplete. Accordingly, MyProtein has not shown an adequate factual basis to permit discovery regarding the completeness of BlenderBottle's discovery responses.

## CONCLUSION

MyProtein's motion, (Doc. No. 59), is granted in part and denied in part. MyProtein's request to exclude documents produced by BlenderBottle on June 7, 2022 is denied. MyProtein's request to reopen discovery is granted in part, and MyProtein is permitted to conduct a limited 30(b)(6) deposition of BlenderBottle regarding these documents.

DATED this 20th day of July, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge